IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Michael J. Fitzgibbons, acting on behalf of the Director of the South Carolina Department of Insurance, in his capacity as the Special Deputy Receiver of the South Carolina Health Cooperative, Inc., a Multiple Employer Self-Insured Health Plan, <br><br> Plaintiff, <br><br> vs. <br><br> Alton Atkinson; John Thomas Childs, IV; Athena Childs; Larry Busch; Michael Ciuffo; Deshaun Williams; Cherise Raymond; Andre Garcia Littlejob; Vickie Damon; Kimberly Davidson; Winston Cook; Kristin Ketterman; Daniel Wheeler; Regent Financial d/b/a PF Holdings, LLC; King Capital Group; A-Z Consulting; Intermediary Network; Busch Law Center; JJLJ Financial; Protégé Investments, LLC; IGWT Consulting, LLC; Cook Business Services; and John Does 1-10; Interlink Global Messaging, LLC; <br><br> Defendants. | CA No. 8:17-cv-02092-AMQ-JDA <br><br> **ORDER AND OPINION** |

In this matter, Plaintiff alleges, among other things, racketeering activity in violation of the Racketeer Influenced and Corrupt Organization Act ("RICO"). (ECF No. 1.) This case was referred to a United States Magistrate Judge for pretrial handling in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Defendants Cherise Raymond ("Raymond") and Deshaun Williams ("Williams") (collectively "the Moving Defendants"), each proceeding pro se, filed identical Motions to Dismiss. (ECF Nos. 64 and 65) The case is now before the Court on the Report and Recommendation (the "Report") of United States Magistrate

1

Judge Jacquelyn D. Austin recommending that the Motions to Dismiss be denied. (ECF No. 170.) After carefully reviewing the Report, the Objections filed by the Moving Defendants and the Plaintiff's Response, the Court adopts the Report in full.

## I. BACKGROUND AND PROCEDURAL HISTORY

The Report thoroughly and carefully sets for the relevant facts and applicable standards of law to the Motions filed by the Moving Defendants. The Court incorporates the Report's recitation of the relevant facts and applicable legal standards without repeating them herein.

## II. RECOMMENDATION OF MAGISTRATE JUDGE

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court may accept, reject, or modify, in whole or in part, the report or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen (14) days after being served a copy of the Report. 28 U.S.C. § 636(b)(1). The Court is charged with making a *de novo* determination of any portions of the report to which a specific objection is made. The Court may accept, reject or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b)(1).

## III. ANALYSIS

Moving Defendants jointly object to the Magistrate Judge's findings that: (1) the exercise of personal jurisdiction over Moving Defendants is constitutional; (2) the interests of justice do not warrant transfer of this case to a different district; (3) Scott Koster, Velocity Partners, Peter

McLaughlin, and Tim Carr are not necessary parties to this action; and (4) the theory of equitable estoppel does not permit Moving Defendants to enforce an arbitration agreement between Plaintiff and a third party. (ECF No. 186, at 3-10.) In many ways, the Court notes that the Objections of the Moving Defendants are merely disagreements with the Magistrate Judge and recite prior arguments. In such situations, the Court is not required to consider such objections. Fed. R. Civ. P. 72; see *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) ("Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court."); *Williams v. Chase Manhattan Mortgage*, CA No. 1:04-cv-199, 2005 WL 2544585, *7 (W.D.N.C. Oct. 11, 2005) (unpublished) (holding that objections which merely reiterate a party's prior arguments do not constitute specific objections as contemplated by Rule 72). However, giving leniency to pro se parties and out of an abundance of caution, the Court addresses these objections *de novo* in turn.

**A. Personal Jurisdiction**

Moving Defendants claim that the Magistrate Judge incorrectly concluded that this Court's exercise of jurisdiction over Moving Defendants was constitutional. (ECF No. 186 at 3-6.) Plaintiff asserts that this Court cannot exercise personal jurisdiction over Moving Defendants because Moving Defendants: live outside the state of South Carolina; never reached out to the South Carolina Health Cooperative, Inc. ("SCHC") in South Carolina; never traveled to South Carolina in connection with any activities that form the basis of Plaintiff's complaint; conducted no activities in South Carolina; and only communicated with SCHC "through an exchange of emails after Defendant Ciuffo established his relationship with SCHC, his client, and SCHC reached out to the moving defendants." *Id.* at 6.

3

Moving Defendants argue that their contacts with South Carolina are "too attenuated and insubstantial" to "provide a constitutional basis" for this Court to exercise personal jurisdiction over them. (ECF No. 186 at 3-7) Moving Defendants rely on the Fourth Circuit case of *ESAB Group, Inc. v. Centricut, Inc.,* for their assertion that personal jurisdiction may not be exercised over them because a South Carolina court could not assert such jurisdiction under a minimum contacts analysis. 126 F. 3d 617 (4th Cir. 1997). It is true that in *ESAB Group, Inc.*, the Fourth Circuit analyzed personal jurisdiction in a RICO case under a traditional minimum contacts analysis. However, the Fourth Circuit held that although Plaintiff could not establish personal jurisdiction under a minimum contacts analysis, it could establish personal jurisdiction pursuant to RICO's nationwide service of process provisions and the Fifth Amendment's Due Process Clause. *See ESAB Group, Inc.*, 126 F.3d at 627 (citing 4 Wright & Miller, § 1067.1, at 331 (1987)).

The Magistrate Judge appropriately states the applicable law and standard for personal jurisdiction when such jurisdiction is conferred by federal statute. Further, the Magistrate Judge appropriately analyzed the sufficiency of service under the RICO service of process provision and the Fifth Amendment Due Process considerations. (ECF No. 170 at 5) Finding no error in the Report, the Court overrules the Objections of Moving Defendants regarding personal jurisdiction.[1] Therefore, Moving Defendants' Motions to Dismiss (ECF Nos. 64 and 65) for lack of personal jurisdiction is denied.

---

[1] Although Moving Defendants have not raised any objections to this Court's pendant jurisdiction over Plaintiff's state law claims against Defendants, the Court notes that because this Court has jurisdiction over Moving Defendants pursuant to the RICO statue, it may also exercise personal jurisdiction over Plaintiff's state law claims because they all arise from the same nucleus of facts.

**B. Venue**

Moving Defendants assert that the Magistrate Judge incorrectly concluded that the interests of justice do not warrant transfer of this case. In their Motions to Dismiss, Moving Defendants argue venue is proper in Minnesota pursuant to a contractual forum selection clause or in California due to convenience of witnesses. Although Moving Defendants each entitled their motions as "Motion to Dismiss," Moving Defendants ask the Court to transfer the case pursuant to 28 U.S.C. § 1404(a). (ECF No. 64 at 2; 65, at 2) In their Objections, Moving Defendants argue that the interests of justice mandate that this case be transferred to a forum state where one of the Moving Defendants reside. (ECF No. 186 at 7-9) Moving Defendants claim that "[a]side from SCHC, virtually every other party and likely witness in this case, including the Moving Defendants, resides outside of South Carolina, and the Moving Defendants and any witness would incur significantly increased costs, unfairness and inconvenience traveling to South Carolina to defend the action or appear as a witness." *Id.* at 8.

The Court finds the Magistrate Judge correctly evaluated the alleged forum selection clause, the law applicable to such clauses and properly concluded that Moving Defendants cannot enforce a forum selection clause to the alleged agreement because Moving Defendants are not signatories to the Agreement. (ECF No. 170 at 12-15) The Magistrate Judge also analyzed the applicability of the forum selection clause under other theories of relief and properly found them to be inapplicable. *Id*.

The Court finds that the Magistrate Judge also correctly set for the law concerning transfer of venue and correctly concluded that Moving Defendants failed to meet their burden of proof to transfer venue pursuant to 28 U.S.C. section 1404. *Id.* The Court finds no error in the analysis of

5

the Magistrate Judge regarding venue. Therefore, the Objections of the Moving Defendants regarding venue are overruled and their Motions to Dismiss on this basis are denied.

**C. Joinder**

Moving Defendants object to the Magistrate Judge's finding that certain unnamed parties are not necessary parties to this action. In their Motions to Dismiss, Moving Defendants assert that the following parties are necessary and indispensable: Tim Carr, along with his company Avion Consulting Group; Peter McLaughlin, along with his company Velocity Partners, LTD; and Scott Koster, along with his company Alicorn. (ECF Nos. 64 at 9; 65 at 9) The Magistrate Judge concluded that the unnamed Parties are not necessary to the present action because complete relief can be afforded among the existing parties. (ECF No. 170 at 21) The Court finds the Magistrate Judge correctly identified the applicable legal principles for motions relating to alleged necessary and indispensable parties. The Magistrate Judge also correctly analyzed the facts relating to the Motions. Having found no error in the Report related to joinder, the Court overrules the Objections of the Moving Defendants. Accordingly, the Moving Defendants' Motions to Dismiss for failure to join necessary and indispensable parties are denied.

**D. Equitable Estoppel/Arbitration Agreement**

Finally, Moving Defendants object to the Magistrate Judge's finding that the theory of equitable estoppel does not allow Defendants to enforce an arbitration agreement between Plaintiff and a third party. Moving Defendants seek to compel arbitration of all claims and causes of action brought by Plaintiff based on a contract entitled "Mutual Non-Circumvention and Non-Disclosure Agreement." (ECF Nos. 64 at 12-15; 65 at 12-14) The Magistrate Judge recommended dismissal for the following reasons: the agreement on its face appears to apply to different issues than those that are the subject matter of this action; Defendants are not signatories to the agreement; and the

alternative theory of equitable estoppel does not provide a basis for Moving Defendants as nonsignatories to enforce the agreement.[2] (ECF No. 170 at 15-20) In their Objections, Moving Defendants do not challenge the Magistrate Judge's finding that Moving Defendants are not parties to the agreement with the arbitration provision. Instead, Moving Defendants assert that "Plaintiff, as receiver for SCHC, is bound by the arbitration clause as he merely stepped "into the shoes" of SCHC and that because SCHC operated under the agreement, "Plaintiff is equitably (*sic*) estopped from avoiding application of arbitration clause." [3] (ECF No. 186 at 10)

The Magistrate Judge thoroughly explained the applicable federal statute relating to arbitration agreements as well as case law from the United States Supreme Court and the Fourth Circuit. The Court finds no error in the Magistrate Court's recitation of such law or in her recommendation that Moving Defendants' Motions to Dismiss and Compel Arbitration be denied. Having found no error, the Court overrules the Objections of the Moving Defendants and adopts the Report. Accordingly, the Moving Defendants Motions to Dismiss based on the arbitration agreement are denied.

---

[2] The Fourth Circuit has recognized a nonsignatory's ability to enforce an arbitration agreement under the following theories: incorporation by reference; assumption; agency; veil-piercing/alter ego; and estoppel. *Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen* GMBH, 206 F.3d 411, 417 (4th Cir. 2000) (quoting *Thomson-CSF, S.A. v. Am. Arbitration Ass'n*, 64 F.3d 773, 776 (2nd Cir. 1995)). None apply in this situation.

[3] In their objections, Defendants did not challenge Plaintiff's assertion that Defendants are nonsignatories to the agreement. The Court also notes that the agreement attached to Defendants' Motions to Dismiss expressly defines the "Parties" to include only "Alicorn Capital Management, LLC . . . and_Cooper A. Littlejohn_a representative of_The South Carolina Health Cooperative . . . ." (ECF No. 64-2 at 2.)

## IV. CONCLUSION

The Court has carefully reviewed the Objections made by Moving Defendants and has conducted a *de novo* review although it is debatable whether one was required. After considering the record in this case, this Court determines that the Magistrate Judge's recommended disposition is correct and the Report is adopted in full. Therefore, it is ORDERED that Defendants' Objections to the Report (ECF No. 186) are OVERRULED and the Moving Defendants' Motions to Dismiss (ECF 64 and 65) are DENIED.

IT IS SO ORDERED.

/s/ A. Marvin Quattlebaum, Jr.<br>United States District Judge

August 16, 2018
Spartanburg, South Carolina