IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Michael J. FitzGibbons, acting on behalf of the Director of the South Carolina Department of Insurance, in his capacity as the Special Deputy Receiver of the South Carolina Health Cooperative, Inc., a Multiple Employer Self-Insured Health Plan, | ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | C/A No. 8:17-2092-TMC |
| v. | ) ) | **ORDER** |
| Alton Atkins, John Thomas Childs, IV; Larry Busch; De'Shaun Williams; Cherise Raymond; Andre Garcia Littlejohn; Vickie Damon; Winston Cook; Kristin Ketterman; Daniel Wheeler; Regent Financial d/b/a PF Holdings, LLC; King Capital Group; A-Z Consulting, LLC; Intermediary Network; Busch Law Center, LLC; JJLJ Financial; Protege Investments, LLC; IGWT Consulting, LLC; Cook Business Services, LLC; John Does 1-10; Interlink Global Messaging, LLCet.al, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff Michael J. FitzGibbons brought this action alleging claims under the Racketeer Influenced and Corrupt Organization Act ("RICO"). (ECF No. 1). This matter is before the court for review of the Report and Recommendation ("Report") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), D.S.C. (ECF No. 249). The magistrate judge recommends that Plaintiff's motion for default judgment (ECF No. 240) be denied without prejudice to renew at a later stage in this litigation. (ECF No.

1

249 at 11). No objections have been filed by any party, and the time to file such objections has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough and careful review, the court finds no clear error and adopts the Report. (ECF No. 249). Accordingly, Plaintiff's motion for default judgment (ECF No. 240) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

January 28, 2019
Anderson, South Carolina