IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Michael J. Fitzgibbons, acting on behalf of the Director of the South Carolina Department of Insurance, in his capacity as the Special Deputy Receiver of the South Carolina Health Corporative, Inc., a Multiple Employer Self-Insured Health Plan<br><br>              Plaintiff,<br><br>v.<br><br>Alton Atkinson; John Thomas Childs, IV; Larry Busch; De'Shaun Williams; Cherise Raymond; Vickie Damon; Winston Cook; Kristin Ketterman; Daniel Wheeler; King Capital Group; A-Z Consulting LLC; Intermediary Network; Busch Law Center LLC; JJLJ Financial; Protégé Investments LLC; IGWT Consulting LLC; Cook Business Services LLC; John Does 1-10,<br><br>              Defendant. | Case No. 8:17-cv-02092-DCC<br><br><br><br><br><br><br><br><br><br><br><br>**ORDER** |

       This matter is before the Court on motions for summary judgment filed by pro se Defendants De-Shaun Williams and Cherise Raymond (collectively, "the Moving Defendants"). ECF Nos. 297, 298. Plaintiff filed responses in opposition, and Williams filed a reply. ECF Nos. 308, 309, 310, 324. In accordance with 28 U.S.C. §636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation

("Report"). On August 22, 2019, the Magistrate Judge issued a Report recommending that the motions be granted in part as to Plaintiff's claim pursuant to 18 U.S.C. § 1962(a) and denied in part as to all other claims. ECF No. 329. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if she failed to do so. Williams and Raymond each filed objections.[1] ECF Nos. 333, 334.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

---

[1] The Moving Defendants filed notices of appeal as to the Report on September 5, 2019. ECF Nos. 336, 338. On February 18, 2020, the Fourth Circuit issued a mandate and judgment dismissing the appeal. ECF No. 354.

As an initial matter, no party objects to the Magistrate Judge's recommendation that the Moving Defendants' motions be granted as to the 18 U.S.C. § 1962(a) claim and denied as to Plaintiff's state law claims for fraudulent misrepresentation[2] and civil conspiracy. Accordingly, the Court has reviewed the record, applicable law, and the Report as they relate to these claims for clear error; finding none, the Court adopts these portions of the Magistrate Judge's Report.

The Magistrate Judge provides a thorough discussion of the relevant facts and applicable law which the Court specifically incorporates by reference. Because Williams's and Raymond's objections are mostly duplicative, the Court will address the arguments together. Where there are differences in their arguments, the Court will note it.

### *18 U.S.C. §§ 1962(c) and (d)*

With respect to Plaintiff's claims pursuant to 18 U.S.C. §§ 1962(c) and (d), Williams states that the Magistrate Judge disregarded evidence that he submitted in support of his motion. Specifically, Williams argues that the Magistrate Judge disregarded sections of his deposition transcript and emails that would establish: (1) Plaintiff signed a contract explicitly stating that it would not contact the bank directly and Williams was merely reiterating the terms of the contract, (2) Williams was not Plaintiff's only contact, (3) Williams did not set the price for the letters of credit ("LOCs"), and (4) Williams did not direct operations. ECF No. 333 at 1–2. He contends that the Magistrate Judge provided no support for her conclusion that he must have been in on the scheme from the beginning

---

[2] The claim for fraudulent misrepresentation is made only against Williams and another Defendant who is not a participant in these motions.

and objects to her citation to an unpublished case as it "is not codified in case law." *Id.* at 2.

Raymond argues that most of the Magistrate Judge analysis focused on Williams; accordingly, she objects "because the Court was not specific enough in its ruling against her." ECF No. 334 at 1–2. Raymond then reiterates the same arguments made by Williams, including the allegation that the Magistrate Judge ignored evidence in support of summary judgment and that she improperly relied on an unpublished case. *Id.*

The Court has reviewed the record de novo, including the attachments to the Moving Defendants' motions for summary judgment. The Court finds that, at best, their deposition and emails create a genuine issue of material fact as to their roles in the scheme. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (holding that a court must construe all inferences and ambiguities against the movant and in favor of the non-moving party in determining whether a genuine issue of material act has been raised). The Magistrate Judge provides citations throughout the Report to evidence that the Moving Defendants knowingly participated in the fraudulent scheme and engaged in alleged predicate acts. *See, e.g.,* ECF No. 329 at 12. In conducting a thorough review of the record in this case, the Court has examined the cited documents and agrees with the Magistrate Judge's view of the evidence. Accordingly, the objections are overruled.

With respect to the objection to the Magistrate Judge's reliance on an unpublished Fourth Circuit case, ECF Nos. 333 at 2; 334 at 2, the Court notes that the Moving Defendants have not provided, and the Court is unaware, of any authority that would prevent a Court from citing an unpublished case in either a Report or an Order. *See*

4

*Golden v. North Carolina*, No. 1:14-cv-129, 2015 WL 457941, at *1 n. 2 (M.D.N.C. Feb. 3, 2015) ("Unpublished decisions are not precedential but are cited for their persuasive authority."). The Court notes that unpublished cases are not binding precedent and overrules the objections.[3]

### *Conversion*

The Moving Defendants again argue that the Magistrate Judge failed to address any evidence provided in support of their motions. ECF Nos. 333 at 2; 334 at 2. The Court finds that the Moving Defendants' proffered evidence is insufficient to find that there is no genuine issue of material fact in light of the other evidence presented. Accordingly, summary judgment is denied and the Moving Defendants' objections are overruled.

### *Unjust Enrichment*

The Moving Defendants argue that the funds they received did not come directly from Plaintiff and Plaintiff knew that they were receiving a portion of the funds; accordingly, they contend summary judgment should be granted as to this claim. As explained in the Report, there is evidence that the Moving Defendants were unjustly enriched by money paid by Plaintiff; the fact that it was not directly paid from Plaintiff to the Moving Defendants is not fatal to this claim. *See Ashmore v. Taylor*, No. 3:13-cv-2303-MBS, 2014 WL 6473714, at *4–5 (D.S.C. Nov. 18, 2014) (granting summary judgment to a plaintiff, as the representative of victims of a Ponzi scheme, on a claim of

---

[3] Raymond's objection to the Magistrate Judge's analysis of the claim against her is overruled. The Magistrate Judge specifically addressed the evidence as it pertained to Raymond.

unjust enrichment against a defendant who did not orchestrate the scheme but had received substantial monetary benefit). Moreover, while Plaintiff may have known that the Moving Defendants were receiving some funds in these transactions, there is evidence that Plaintiff was misled as to the amount they received as well as to the legitimacy of the payments in the first place. Accordingly, the objections are overruled.

***South Carolina Unfair Trade Practices Act***

With respect to Plaintiff's claim pursuant to the South Carolina Unfair Trade Practices Act ("SCUPTA"), the Moving Defendants object and argue that they did not work with the public. ECF No. 333 at 3. The Court notes that SCUPTA requires that "the unfair or deceptive act affect[] public *interest*." Turner v. Kellett, 824 S.E.2d 466, 469 (S.C. Ct. App. 2019) (emphasis added). Moreover, there are allegations that Defendants "misrepresented and advertised to the public, including consumers in South Carolina . . . that they sold legitimate LOCS" which turned out to be fraudulent. ECF No. 218 at 46. Accordingly, the objections are overruled.

Therefore, the Court adopts the recommendation of the Magistrate Judge. The Moving Defendants' motions for summary judgment [297, 298] are **GRANTED** with respect to Plaintiff's claim pursuant to 18 U.S.C. § 1962(a) and are otherwise **DENIED**.

    IT IS SO ORDERED.

                                                s/Donald C. Coggins, Jr.
                                                United States District Judge

March 5, 2020
Spartanburg, South Carolina